IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUSTIN CARRASCO, § | |
|     PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:18-CV-857-S-BK |
| § | |
| CHRIS CROWE AND DAVID RIVAS, § | |
|     DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

    Pursuant to *Special Order 3* and 28 U.S.C. § 636(b), this case was referred to the undersigned United States magistrate judge for pretrial management. The case was removed to this Court from the 193rd Judicial District Court of Dallas County, Texas, on April 6, 2019, on the basis of federal question jurisdiction. Doc. 1 at 2. Subsequently, Plaintiff's federal claims against former defendant Eye Consultants of Texas, P.A. were dismissed with prejudice on the parties' joint stipulation, Doc. 33, leaving only Plaintiff's state law claims against non-diverse Defendants Rivas and Crowe.

    On September 9, 2019, the Court issued an *Order to Show Cause* directing the parties to brief whether the Court should retain subject matter jurisdiction over the remaining claims. Doc. 37 (citing *Enochs v. Lampasas, Cty.*, 641 F.3d 155, 161 (5th Cir. 2011) (stating that the district court should reconsider its jurisdiction over "state law claims as of the moment" the federal claims are deleted from the case)). Neither *pro se* Defendant responded to the Court's order, but Plaintiff filed a response indicating that he does not oppose a remand to state court with the ability to pursue his claims in that venue. Doc. 40.

Accordingly, it is recommended that Plaintiff's remaining state law claims against Defendants Rivas and Crowe be remanded to the 193rd Judicial District Court of Dallas County, Texas for further proceedings. Following remand, this case should be **CLOSED**.

**SO RECOMMENDED** on September 25, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).